July 29, 1924, Susie J. Smoot, et als., as heirs at law of J. R. Smoot, deceased, instituted suit in chancery against Bruce Yokum et als., successors in title to H. Yokum, deceased, to cancel as cloud on plaintiff's title deed dated December 18, 1900, from Lee Crouch, as clerk of the county court of Randolph County, conveying to said H. Yokum a tract of 100 acres and 20 rods of land, pursuant to sale thereof for taxes in the name of said J. R. Smoot, on the ground that the taxes for which the sale was made were not in arrear. This cause was consolidated with another suit brought by the State, in which said heirs sought to redeem the land from alleged forfeiture to the State in the name of J. R. Smoot. From final decree dismissing both cases, the State and the Smoot heirs have appealed.
Aside from the effect on the controversy of Section 27, Chapter 31, Code, requiring suit to cancel a tax deed, on the ground that the taxes were not in arrear, to be brought within five years after recordation of the deed, the Smoot title having become forfeited to the State, whether before or after the tax deed, is now vested in the appellees.
"The State is estopped by Section 29 of Chapter 31 of the Code from proceeding to sell, as forfeited for non-entry in the name of the former owner, land conveyed by a sheriff to a purchaser, pursuant to sale thereof for non-payment of taxes thereon, though the deed, because of defects in the sale proceeding, is void as to the former owner and fails to vest his title in the grantee therein. By making such deed conclusive evidence, against all persons except the former owner, his heirs and assigns and those who might have redeemed the land within one year after the date of the sale, the statute works, by estoppel, a release, grant or transfer of the title of the former owner to the grantee therein, upon the forfeiture of such title for failure of the former owner to keep the land taxed in his name and the taxes thereon paid for five successive years." State v. Snyder, 64 W. Va. 659.
"Though failure of a former owner of land, conveyed by a fatally defective tax deed, made pursuant to a sale by a sheriff *Page 191 
for delinquency, to keep the land taxed in his own name and pay the taxes for a period of five successive years, works a forfeiture of the title, the deed is conclusive evidence against the State that the title of the former owner is in the tax deed grantee, and she cannot maintain a suit to sell the land as forfeited. Section 29 of Chapter 31 of the Code, by estopping the State from proceeding against the grantee in a fatally defective tax deed, to enforce a forfeiture in the name of the former owner, releases or grants such forfeited title to such grantee in advance of the accrual of the forfeiture."State v. West Branch Lumber Co., 64 W. Va. 673.
The decree of the circuit court is affirmed.
Affirmed.